# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

## SOUTHERN DIVISION

## CIVIL COMPLAINT

|  |  |
|---|---|
| Linnie J Kyle Estate, et al, | ) |
| Joan Kyle-Henningsen | ) |
| Walter C Henningsen | ) **15-3455-CV-S-SRB** |
| Plaintiffs, pro se | ) |
|  | ) |
| vs. | ) CASE NO. _____ |
|  | ) |
| 21 Mortgage Corporation, | ) |
| SMF Registered Services, Inc., | ) |
| And Michelle M O'Malley | ) |
| Successor Trustee, | ) |
| defendants | ) |

I. **Parties to this Civil Action**.

    A. Name of Plaintiff   Joan Kyle-Henningsen
                                Walter C Henningsen
      Address   53 Kyle Drive
                   PO Box 327
                   Isabella, MO 65676
                   (417) 273-2999

    B. Defendants, 21st Mortgage Corporation, & SMF Registered Services, Inc., are represented by attorney, Michelle M O'Malley, MO#58121,
With offices at:       1201 Walnut-Suite 2600
                          Kansas City, MO 64106-2150
                          (816) 691-2376

II. **Statement of Claim**

    This case arises out of an attempt by 21st Mortgage Corporation, (21st) to foreclose on a home equity line of credit (LOC). The Grantor, Linnie J Kyle, executed the line of credit in July,

1

1998, and assigned 2.35 acres, as security, out of a 75 acre parcel of property she owned. This assignment, for securing the line of credit, included the home she occupied and garage/outbuilding. The remaining unencumbered 72.65 acres, surrounds the 2.35 acres and includes an additional residence, 3,300 sq. ft. commercial building and storage buildings. The LOC underwriter's rules, (Homecomings Financial Network, Inc.), required that no more than 5 acres could be used as security, therefore necessitating a survey for legal description of the 2.35 acres within the original 75 acre parcel, and an appraisal for value. A request for such came from the underwriter and appraisal and survey was obtained and paid for by Kyle, sent to and approved by the underwriter for the LOC. The LOC was a 15 year note, credit line amount of $53,500.00, variable interest rate, and monthly payments of interest on draws of credit line, with an initial draw at execution of the LOC of $20,000.00 and to conclude with a balloon payment of any **used and unpaid** credit line balance amount in July, 2013. No escrows were required by lender for this LOC.

  Due to illness and age, Kyle deeded the above 75 acre parcel by Warranty Deed, to her daughter, Joan Kyle Henningsen, (Plaintiff), as described in a beneficiary deed executed and recorded in Ozark County Recorder's Office in April, 1993. In December, 2006, JoAn Kyle-Henningsen transferred the 75 acre parcel by Quitclaim Deed to Heritage L&D, LLC, of which she is owner and manager with her husband, Walter C Henningsen (Plaintiff). Kyle continued the payments on the LOC until her death in December 2001.

  In January, 2002, the Plaintiffs notified the servicer/lender of Kyle's death, by phone and fax. Documents were sent to verify the death, confirm that Plaintiffs would be making payments if servicer/lender agreed, documents showing authority of the Plaintiffs to inquire about the LOC and a request of the records of account balance pay off amount with information of whom the servicer was and who owned the note, as the original lender was the only recorded document in files at the Ozark County Recorder's Office. This request was sent no less than five times to servicers/lenders, who had given notice to Plaintiffs of their right to service or rights of ownership, without any acknowledgement that Linnie J Kyle was deceased in their statement correspondences or letters of demand until 2013. Surprisingly, the answers to all these questions about the LOC were not addressed or answered to the Plaintiffs, even though the payments were accepted from the Plaintiffs.

  The Plaintiffs, while servicing the LOC, begin having severe problems with the proper accounting of payments, constant notifications of multiple entities claiming to be servicers and/or owners with demands of payment, letters threating a demand of full payment or foreclosure, starting escrow accounts, letters of vacant home inspection, no insurance, assigning

2

and charging for insurance, brokers drive by appraisal fees, and home winterizing fees. All of **which was not true**; the house has never been vacated, the insurance had been in place with the same agent for 20 years, the house has never been locked and winterized, as the Plaintiffs were residing in the home. Plaintiffs continued to communicate with the servicer(s) by letter and phone, for information **with no avail.**

In 2009, GMAC attempted to foreclose as servicer and Residential Funding Corporation as Owner, and again in 2010 as servicer and RAHI Real Estate as Note Holder. Both were due to lack of posting the payments to the interest amount due, but were posting payments to the charges created by the servicer/lender. The foreclosures were stopped after contacting the servicers/lender's law firm (South & Associates) and by request of law firm Plaintiffs sending records of bank statements showing payments had been made and cleared the bank. Regrettably, the LOC account was still charged with the foreclosure fee, and protest was made by Plaintiffs, resulting in time and efforts spent with no full retribution to the LOC account. RAHI Real Estate was listed as the Note Holder, but to this present time no records has been presented or found of the proposed transfer of ownership to this entity. During the foreclosure attempts, the legal description was printed in the newspaper, and it was immediately apparent, to the Plaintiffs, that a **complete wrong legal description** had been printed and posted to the public as for sale by foreclosure, **which was not the legal description signed by Grantor**. This wrong legal description was again printed in the newspaper, 3 days prior to receiving the foreclosure notice from 21st Mortgage's counsel and successor Trustee in 2014. This fact, of wrong legal description, in 2009 was noted by the Plaintiffs, to the foreclosure law firm, servicers, and to lenders, by certified mail and phone, without any response to the Plaintiffs to this date. The requests, by Plaintiffs, for correction of legal description on the Note, a full accounting of debits and credits applied to LOC account, a correct pay off amount, legal documents evidencing ownership of Note, and a presentation of original Note with assignments and proper endorsements, has resulted in NO RESPONSE.

The Plaintiffs contacted Missouri State Attorney General's office, by letter, for help in determining who owned the Note and a reply came stating what Plaintiffs had been doing was correct. The Plaintiffs talked to the local land title company in regards to the actions needed to correct this wrong legal description coupled with the Plaintiffs' lack of knowing the true identity of the owner of the Note. The advice given, after reviewing the documented facts, was that the correction would have to be done by court action, through reformation and/or by quiet title action. This advice was based on the evidence that the legal description printed and used by the lender is not a scrivener's error but one of no likeness to Grantors' agreement of security given.

3

In February, 2013, upon notification of 21st Mortgage Corporation as the new Creditor, another letter was issued by the Plaintiffs, to 21st and Ocwen Loan Servicing (servicer), requesting all of the above. **Again no response,** from the lender or servicer, in regards to Plaintiffs request and therefore notice of foreclosure was issued in May 2013, Michele M O'Malley, Trustee and counsel for 21st, of their intention to foreclose. Plaintiffs called O'Malley and spoke with her about the wrong legal description, and the fact that no record of any transfer of Note ownership was found in the recorder's office other than the original lender. She responded in letter that she was going ahead with the foreclosure as she was sure all documents were correct with attached title insurance package from Chicago Title Company, demonstrating their ability to give title to a buyer purchasing the property at auction sale.

In January 2013, when the new entity, 21st Mortgage Corporation, demanded payment, Plaintiffs were now aware that the Note had been securitized, and that they were subject to the danger of being **foreclosed upon by multiple entities**, decided not to go forward with the last two payments due before balloon date (maturity) of the Note, until 21st Mortgage responded to Plaintiffs' request demonstrating their right to collect and enforce by a corrected legal description, make presentment of original Note with all assignments of ownership, and with full accounting of the correct balance due. Plaintiffs had several notifications in this 60 day time frame of new creditors, and servicers with rights to enforce; Knoxville 2012 Trust, Ocwen Loan Servicing, Christiana Trust, and 21st Mortgage Corporation as creditor and servicer. From personal investigation by the Plaintiffs, information surfaced that 21st had been purchased by Berkshire Hathaway, who had made a bulk purchase of mortgage loans from GMAC and Residential Funding Corporation and somewhere down the line of assignments of Trusts, Trustees, Servicers and Note Holders - 21st Mortgage Corporation became the alleged enforcer and/or note holder of the Berkshire Hathaway purchases.

In June, 2014, Plaintiffs filed a complaint in 44th Judicial Circuit, Ozark County, Missouri against 21st Mortgage Corporation, SMF Registered Services, Inc., and Michele M O'Malley, successor trustee. Court ordered stay of foreclosure proceedings by 21st, and for both parties to proceed with discovery since Defendants did not want to proceed with summary judgement, upon the suggestion of the court, when O'Malley stated to the court that all documents used in the foreclosure action were true, correct and recorded in the recorder's office of Ozark County, Missouri. The court stated that a hearing would be set after both parties finished discovery.

In May, 2015, 21st filed for summary judgement and a tele-conference hearing was set as requested by Defendants counsel. Plaintiffs asked for a personal appearance hearing, but the request was refused by the court. Plaintiffs cross filed for summary judgment and court made a

4

judgment without hearing the Plaintiffs defense, on June 12, 2015. The trial court acknowledged the broken chain of title, no presentation of original note, and wrong legal description, in the judgement, but proceeded with instruction to foreclose on the legal description that Plaintiffs presented to Defendants in discovery and court acknowledged such.

Plaintiffs filed with the Missouri Court of Appeals Southern District, on September 11, 2015. Missouri Court of Appeals remanded setting of bond to trial court and the court set bond at $64,000.00, which was the amount given to judge, by the Defendants, without Plaintiffs' opportunity to protest or agree, as no accounting has ever been presented to Plaintiffs or the trial court. Trial Court agreed to property bond from the Plaintiffs and ordered the Defendants to construct the deed and write the court order and the Plaintiffs to send to 21st counsel all documents necessary for completing the court order to set bond. As ordered, Plaintiffs sent 11 pages of documents to the Defendants counsel for constructing the legal description in the Deed for Bond. Defendants emailed to the Plaintiffs the court ordered deed and court order, and upon close inspection by the Plaintiffs, the Plaintiffs informed the circuit clerk, October 13, 2015, they could not sign the Special Warranty Deed as it was not correct in its legal description of the property for bond and was made payable to 21st Mortgage Corporation and would have to be corrected. On October 13, 2015, without consulting with Plaintiffs after their disapproval, court filed an order to proceed with foreclosure by 21st, accused Plaintiffs of fraud, and no bond will be approved. On October 14, 2015, Plaintiffs presented a Motion to Rescind Order to Execute on Judgment Deed Not Prepared According to Instruction. This motion was presented to circuit clerk for filing, she refused to accept, per courts' instructions to not accept anything else from the Plaintiffs and that the court would not even review the motion. Plaintiffs insisted on their right to file a proper motion, clerk stamped motion filed, and put on the docket. The court, as of this date, has not responded to Plaintiffs motion.

On October 14, 2015, Plaintiffs filed jurisdictional challenge and motion to dismiss with both trial court and appeal court. The trial court refused to acknowledge challenge to jurisdiction and refused to file the motion and place it on the docket, per phone call from circuit clerk. The appeal court denied the motion and stated that the brief has to be filed by deadline or case will be dismissed. No bond can be obtained by Plaintiffs without property bond, foreclosure procedures are going forward, and Appeals court will not hear case without bond. Missouri courts are closed to Plaintiffs, as no court has allowed the Plaintiffs to plead their case, and due process has been denied to the Plaintiffs.

Plaintiffs make these specific requests;

5

1. Plaintiffs' original complaint, filed June, 2014, challenged standing of Defendant 21st Mortgage, with accusations of fraud.
2. Trail court has **never required** Defendants to produce documentation proving standing.
3. Plaintiffs jurisdictional challenge on October 14, 2015, demanded four documents to be produced as a matter of law to establish standing;
    a. A complete legal chain of title,
    b. The original note with assignments,
    c. Statement of full accounting with correct balance, and
    d. Correct legal description.
4. The demand to prove standing and thus jurisdiction in item 3 above is the document the court refused to acknowledge and respond to.
5. This is a line of credit, not a mortgage, with Grantor deceased, no accounting has been presented on an open line of credit in order to determine the true and correct balance, and the legal description, on the note, is of an entirely different piece of property.
6. The Plaintiffs want to be heard in District Court with the same demands that were presented to the State courts. Plaintiffs desire that the U.S. District Court require the Defendants to produce those documents necessary to prove their standing to bring a foreclosure action.

Copies of both judgments of the trial court are attached to this complaint and noted as Exhibit A and Exhibit B.

III. **Relief**

1. To obtain a ruling that is not arbitrary or pre-determined, but rather based on fact and law, and the evidence.
2. To overturn the judgements of the 44th judicial circuit court in Ozark, County, Missouri.
3. To be reimbursed for the costs and expenses of the last year and a half of litigation.

6

IV. **Do you claim the wrongs alleged in your complaint are continuing to occur at the present time?**

Yes, the alleged wrongs are continuing at this time.

V. **Do you claim actual or punitive monetary damages for the acts alleged in your complaint?**

No, only the costs of litigation.

VI. **Counsel**

Do you have an attorney to represent you in this civil action?

No G

A. Have you made any effort to contact a private attorney to determine if he or she would represent you in this civil action?

Yes G

B. If you answered yes, state the names and addresses of the attorneys contracted, and give the results of those efforts.
Wiley Law Firm, 105 Courtney Lane, Crane, MO,/ Jeffery Barnes, 1515 N. Federal Highway, Suite 300, Boca Rotan, FL, and five others whose names I cannot recall, none of which would handle the case pro bono or on contingency. Neither would any of the legal aid agencies assist because our income is slightly above poverty level. I have spent hundreds of hours trying to arrange professional representation, but Social Security and a part time job put us strictly on our own.

C. If you answered no, state your reasons why no such efforts have been made.

## VII. Administrative Procedures

A. Have the claims which you make in this civil action been presented through any type of Administrative Procedure within any government agency?

Yes, as set forth in II above, Statement of Claim.

B. If you answered yes, state the date your claims were so presented, how they were presented, and the result of that procedure.

Complaint filed in 44th Judicial Circuit Court in June, 2014, alleging unlawful foreclosure, fraud and lack of standing, case no. 14OZ-CC00075. Trial court acknowledged breaks in chain of title, but granted limited summary judgement to 21st. Court also gave 21st permission to change a legal description that was wrong in its entirety. Court also had 21st draw up warranty deeds for property plaintiffs had offered in lieu of cash bond. 21st wrote up the legal description incorrectly, encumbering property that is not ours. We refused to sign the incorrect deed and the judge accused us of fraud and interred an order to execute foreclosure without asking for any clarification or reason for refusal to sign.

In July of 2015, we filed an appeal in the Missouri Court of Appeals, Southern District, case no. SD34021. We moved the court for waiver of bond and were denied, and setting of bond was remanded to trial court. We then offered the remnant of our property as bond, resulting in the scenario set out in the paragraph above.

C. If you answered no, give the reasons, if any, why the claims made in this action have not been presented through Administrative Procedures.

Signed this 21st day of Oct, 20 15

_____
Signature of Plaintiff or Plaintiffs

_____

## VERIFICATION

State of Missouri )
                  )

8

County of ___Greene___ )

Walter C Henningsen
Joan Kyle Henningsen, being first duly sworn under oath, presents that he is the plaintiff in this action; that he knows the contents of the complaint; and that the information contained therein is true to the best of his knowledge and belief.

Signature of Plaintiff or Plaintiffs

**All parties must verify**

SUBSCRIBED AND SWORN TO before me this ___21st___ day of ___October___, 20___

_Rachelle Marlin_
Notary Public

RACHELLE MARLIN
Notary Public – Notary Seal
STATE OF MISSOURI
Greene County
My Commission Expires Mar 13, 2016
Commission #12485663

My Commission Expires ___3/13/2016___

9